DECISION
A trial was held on March 17, 2009. Tanya M. Tindall testified on her own behalf. James Carter appeared for Defendant.
At issue is the substantiation of certain child care expenses for the 2007 tax year.
 I. STATEMENT OF FACTS
Plaintiff completed a questionnaire at the court's request and provided information to Defendant prior to trial. Her trial testimony was brief, less than three minutes. The named childcare provider did not participate at trial or offer pertinent written details.
During 2007, Plaintiff was employed in Seaside, Oregon. Her daughter, Amberly, was cared for by Kari Morse (Morse). Payments of $315 per month were reported to be in cash and were said to total $3,150 for the year.[1] Morse, 21 years old, is the child's aunt. While the provider was said to keep a daycare calendar, it was not produced for the auditor or offered at trial. Defendant's representative testified that the provider reported that no calendar was available.
There were many inconsistencies in Plaintiff's reported activity regarding child care in 2007. A few of them are listed below. *Page 2 
Plaintiff's average net monthly income was $1,100. She stated her average monthly expenses were $6,900. She reported that she paid $1,200 in rent each month to her parents, in whose home she and Amberly resided. During that same time, her response to the questionnaire indicated no funds were spent for work related child care expenses. (Def's Evidence, Attachment A-9.)
Plaintiff stated she paid the provider twice per month. The receipts showed a single payment per period with the same date range listed as always including the last day of each month. (Ptf's Compl at 8 through 10.)
Written information from the provider stated she was paid $25 per day to watch the child. The number of care days varied each month. Plaintiff reported a flat $325 was paid each month, with no variation. (Ptf's Compl at 5, 6.)
Plaintiff testified that Amberly's father (Michael Morse) was unemployed in 2007. The written details state he "worked the whole year of 2007 for three different employers." (Ptf's Resp to Questions and Answers at 2.) He was said to reside with Plaintiff and her parents; it is unclear if he paid any of the reported $1,200 monthly rent.
Plaintiff testified that in some months, she overpaid the provider. In those instances, she stated the childcare would be discounted for the next month. But she was unable to explain how she would be aware if there was, indeed, an overpayment.
 II. ANALYSIS
ORS 315.262[2] provides a refundable credit for certain low-income taxpayers to partially offset the taxpayer's child care costs incurred for the purpose of allowing the taxpayer to work or *Page 3 
attend school. The credit is commonly referred to as the working family child care credit. The statute provides in relevant part:
 "A qualified taxpayer shall be allowed a credit against the taxes otherwise due under ORS chapter 316
equal to the applicable percentage of the qualified taxpayer's child care expenses (rounded to the nearest $50)." ORS 315.262(2).
ORS 316.078 provides for a nonrefundable credit for certain employment-related expenses, including child care, paid by a taxpayer for the care of a dependent child or children.[3] That credit is referred to as the dependent care credit. The dependent care credit is specifically tied to Internal Revenue Code (IRC) section 21, the pertinent language being that the amount of the credit is "equal to a percentage of employment-related expenses allowable pursuant to section 21 of the Internal Revenue Code." ORS 316.078(1). IRC section 21(a)(1), in turn, provides for a partial credit for "employment-related expenses * * * paid by such individual during the taxable year."[4]
Both credits are based on the amount of child care expenses incurred by the taxpayer each year. The credits, like all credits, are a matter of legislative grace, and a taxpayer must be prepared to prove that the claimed expenses were actually incurred in order to receive the credit. When, as in this case, the Department of Revenue (department) denies the credit and the taxpayer appeals, the taxpayer must prove its case by a preponderance of the evidence. ORS 305.427. This court has previously ruled that "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971); see also Riley Hill General Contractor v. TandyCorp., 303 Or 390, 394, 737 P2d 595 (1987) (defining "preponderance" as "the greater weight of evidence.") The *Page 4 
question in this case is whether Plaintiff convincingly demonstrated that she actually paid her sister for the child care services she provided.
The court finds Plaintiff's evidence inconsistent and unpersuasive. No contemporaneous receipts were provided. Plaintiff's sworn testimony was brief; no other witnesses were offered. It is clear that caring for Amberly was required for Plaintiff to be at her place of employment. Without cancelled checks, money order receipts, other pertinent witnesses, and a cohesive story, the court cannot find that a sum certain was paid for relevant purposes in 2007.
 III. CONCLUSION
On the evidence before it, the court is not persuaded that Plaintiff spent cash on child care and, if so, how much was paid. Accordingly, Plaintiff's request for the working family child care credit and the credit for dependent care expenses is denied.
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this _____ day of April 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on April 17,2009. The Court filed and entered this document on April 17, 2009.
[1] There was no child care necessary prior to March 12, 2007, as Plaintiff was on maternity leave caring for Amberly.
[2] All references to the Oregon Revised Statutes (ORS) are to 2005.
[3] Although the credit is nonrefundable, it can be carried forward to offset the taxpayer's tax liability for up to five subsequent tax years.See ORS 316.078(5).
[4] References to the IRC are to year 2005.